EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| BL Investment, Inc.<br><br>    Recurrente<br><br>        vs.<br><br>Hon. Frank Quiñones Vigo,<br>Registrador de la Propiedad<br>Sección Primera de Arecibo<br><br>    Recurrido | Certiorari<br><br>2008 TSPR 89<br><br>174 DPR \_\_\_\_ |

Número del Caso: RG-2007-1

Fecha: 20 de mayo de 2008

Abogado de la Parte Peticionaria:

        Lcdo. Teodoro L. Tapia Gómez

Abogado de la Parte Recurrida:

        Por Derecho Propio

Materia: Recurso Gubernativo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

BL Investment, Inc.

    Recurrente

       v.

                                   RG-2007-001

Hon. Frank Quiñones Vigo,
Registrador de la Propiedad,
Sección Primera de Arecibo

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 20 de mayo 2008

Nos corresponde evaluar la actuación del Registrador de la Propiedad, quien se negó a inscribir una escritura de venta judicial por no haberse acreditado adecuadamente, a su juicio, el fiel cumplimiento con la Ley núm. 172 de 12 de mayo de 2000, que enmendó la Regla 51.8 de las Reglas de Procedimiento Civil. La Regla 51.8 según enmendada, regula el aviso de venta judicial y exige que en aquellos casos en que el demandado no ha comparecido al pleito en que se ejecuta una sentencia, se le notifique de la venta judicial por "vía [de] correo certificado con acuse de recibo a la última dirección conocida."

El notario en este caso, al solicitar del Registro de la Propiedad la inscripción de un inmueble adquirido en venta judicial, acompañó la escritura con, entre otras cosas, copia de los sobres certificados con acuse de recibo utilizados para notificar de la venta judicial a los deudores hipotecarios demandados. Los sobres fueron devueltos por el servicio postal de correos. El Registrador se negó a inscribir la propiedad por entender que ello era insuficiente para acreditar el cumplimiento con el requisito de notificación establecido en la Ley núm. 172, y exigió que se presentara una declaración jurada en la cual se certificara el contenido del sobre, para proceder con la inscripción.

I

Los hechos en este caso son sencillos y sobre los mismos no hay controversia alguna, por lo que pasamos a resumirlos brevemente.

En febrero de 2000, el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Arecibo, dictó sentencia en rebeldía a favor de R&G Mortgage Corporation en un caso de ejecución de hipoteca por la vía ordinaria. *RG Mortgage v. Ernesto Rafael Gómez et al, Civ. Núm. 99-0270*. La sentencia ordenó que de no satisfacerse la deuda, se procediera a la venta en pública subasta de la finca hipotecada.

El 28 de junio de 2004, el foro de instancia dictó una orden para que se librara el correspondiente mandamiento de ejecución de sentencia dirigido al alguacil y se procediera con la venta judicial. Toda vez que los deudores no habían

comparecido al pleito, el acreedor hipotecario ejecutante les notificó de la venta judicial conforme ordena la Regla 51.8 de Procedimiento Civil; es decir, por correo certificado con acuse de recibo a la última dirección conocida.

Expedido el mandamiento y publicado el edicto de subasta, se procedió con la venta judicial. Ésta se llevó a cabo el 4 de noviembre de 2004. A la subasta comparecieron las siguientes entidades como postores: R&G Mortgage Corporation, S.I.A.L. Investments y BL Investments, Inc. La buena pro le fue adjudicada a este último por ser el mejor postor. Posteriormente, el alguacil y BL Investment Inc., comparecieron como otorgantes en la correspondiente escritura de venta judicial, ante el notario Teodoro L. Tapia Gómez.

El 9 de mayo de 2005, la escritura de venta judicial se presentó para su inscripción en el Registro de la Propiedad, Sección I de Arecibo. Se acompañó dicha escritura con copia de los siguientes documentos: el pagaré otorgado, la sentencia en rebeldía dictada, la orden y mandamiento dirigido al alguacil, el edicto de subasta, una declaración del emplazador atestiguando que colocó el edicto de subasta en los lugares que ordena la Regla 58.1, el afidávit del periódico donde se publicó el edicto de subasta, el acta de subasta y finalmente, copia de los sobres utilizados para notificarles a los demandadnos, deudores hipotecarios, de la venta judicial que habría de efectuarse. Surge de la faz de los sobres, que el servicio postal de correo devolvió los mismos al remitente.

Presentada la escritura de venta judicial, el Registrador de la Propiedad notificó, en lo que ahora nos concierne, la siguiente falta:  que para "la inscripción del documento, … [se] deberá acreditar mediante declaración jurada que se ha cumplido con las disposiciones de la Ley 172, de 12 de mayo de 2000…."

El notario del adquirente presentó oportuno escrito de recalificación.  En el escrito presentado arguyó que las copias de los sobres certificados enviados por correo, los cuales constaban en el expediente del tribunal de instancia, eran prueba suficiente del cumplimiento con la Ley núm. 172. Señaló además, que estos sobres fueron aceptados como válidos por el tribunal durante el proceso de venta judicial, por lo que estimaba improcedente la exigencia del Registrador. Rechazó de este modo que fuera necesario para acreditar la notificación del aviso de subasta, que se presentara una declaración jurada donde se atestiguara el contenido de los sobres en cuestión.

El Registrador de la Propiedad procedió entonces a notificar la denegatoria de inscripción conforme el artículo 71 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2274.  De tal denegatoria, se presentó oportuno Recurso Gubernativo ante este Tribunal.

El Registrador de la Propiedad compareció ante nosotros y en su comparecencia sostuvo que no es suficiente para cumplir con la Regla 51.8 incluir entre los documentos complementarios presentados, copia de los sobres en que se le

notificó al deudor hipotecario de la venta judicial. Sostiene el Registrador que es necesario también que se acredite, mediante declaración jurada, el contenido del sobre de suerte que se tenga constancia que se ha cumplido cabalmente con la Regla 58.1 de Procedimiento Civil. Específicamente, el Registrador indicó lo siguiente:

> Nuestro planteamiento es a los efectos de que para entender cumplidas las exigencias de la Ley 172 del 12 de agosto de 2000 bien sea el Tribunal por conducto del Sr. Alguacil, o la parte promovente del caso, por si o por la persona que envió la comunicación, mediante declaración jurada tienen que hacer constar, a nuestro juicio que el mencionado sobre contenía la notificación de la subasta que requiere la propia ley.

> La mera entrega al Alguacil o radicación para unir al expediente de un sobre que fue dirigido por correo certificado a la parte demandada a su dirección postal, o por lo menos a su última dirección postal conocida según fue el caso, y devuelto por la oficina de correos **no es evidencia de por sí del cumplimiento con la Ley 172 del 12 de agosto de 2000. El requerir de la persona que envió dicho sobre una declaración bajo juramento en cuanto al contenido del mismo, nos parece justo, razonable y necesario.** (Énfasis nuestro.)

> Trabada así la controversia, procedemos a resolverla.

## II

## A

El principio de legalidad es uno de los principios axiales del Derecho hipotecario. Exige, que los títulos que pretenden acceder al Registro de la Propiedad sean sometidos a un previo examen, verificación o calificación, de suerte que solo puedan tener acceso a los libros hipotecarios títulos válidos y perfectos. La "gran fuerza publicitaria que la ley otorga a los asientos registrales y los

inevitables efectos que de la misma se derivan", exigen la previa calificación de los documentos. L.M. Chico y Ortiz, *Calificación Jurídica, Conceptos Básicos y Formularios Registrales*, Marcial Pons, Madrid, 1987, pág. 21. El Registrador califica los documentos para proceder a su inscripción, o denegarla cuando aprecie en los mismos un vicio o defecto. Véase entre otros, *Rigores, Inc. v. Registrador de la Propiedad*, res. 16 de septiembre de 2005, 165 D.P.R. ___, 2005 TSPR 135; *R&G Premier Bank of Puerto Rico v. Registradora de la Propiedad*, 158 D.P.R. 241 (2002).

La calificación se configura como el mecanismo que instrumenta el principio de legalidad, pues "el fin de la calificación registral es determinar si el título es o no inscribible." L.R. Rivera Rivera, *Derecho Registral Inmobiliario*, Jurídica Editores, San Juan, 202, 2da ed., pág. 281. Véase además, *R&G Premier Bank of Puerto Rico v. Registradora de la Propiedad, supra*. En *Rigores, Inc. v. Registrador de la Propiedad, supra*, indicamos que la calificación registral es piedra angular del principio de legalidad y exige "del Registrador de la Propiedad un juicio de crítica jurídica sobre la validez y eficacia de los negocios jurídicos contenidos en los documentos presentados, a través de la cual se logra que sólo tengan acceso al Registro los títulos que cumplan con las exigencias legales." Véase además, *Narváez v. Registrador*, 156 D.P.R. 1 (2002).

Por otro lado, el Art. 68(2) de la Ley Hipotecaria, 30 L.P.R.A. sec. 2271(2), señala como falta que impide la

inscripción del título presentado aquella que produce la nulidad del título. Véase además, Art. 76.1 del Reglamento Hipotecario. La Regla 51.8 de Procedimiento Civil por su parte, expresamente declara que "[s]erá nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada." Véase, *Atanacia Corp. v. J.M. Saldaña, Inc.*, 133 D.P.R. 284 (1993); *Lincoln Savs. Bank v. Figueroa*, 124 D.P.R. 388 (1989).

En *C.R.U.V. v. Registrador de la Propiedad*, 117 D.P.R. 662, 667 (1986), sostuvimos que al calificar para su inscripción una escritura de compraventa judicial en ejecución de sentencia, el Registrador puede considerar si se han cumplido o no los requisitos exigidos por la regla para la validez de la subasta. Indicamos además, que la escritura de compraventa judicial se califica como se califican los documentos notariales y no los judiciales.

El ámbito de la facultad del Registrador para calificar documentos notariales se extiende a examinar: primero, que los documentos presentados cumplan con las formas extrínsecas dispuestas por la ley; segundo, que los otorgantes ostenten la capacidad jurídica para realizar el negocio jurídico pertinente; tercero, que los actos dispositivos contenidos en la escritura presentada sean válidos, y, cuarto, que no existan obstáculos que surjan del Registro de la Propiedad que impidan la inscripción del documento. *Gasolinas PR v. Registrador*, 155 D.P.R. 652 (2001); *Western Fed. Sav. Bank v. Registrador*, 139 D.P.R. 328 (1995). En estos casos, Roca

Sastre indica que le compete al Registrador "comprobar si el acto jurídico en sí, o sea, el contenido de la escritura pública, es válido o nulo, tanto como tal como en sus condiciones." Roca Sastre, R., Roca-Sastre Muncunill, L., *Derecho Hipotecario*, Ed. Bosch, S.A., Barcelona, 1997, 8va ed., Tomo IV, pág. 30.

**B**

En Puerto Rico, el procedimiento de ejecución de hipoteca por la vía ordinaria se rige por las disposiciones de las Regla 51.3 *et seq.,* de la Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Así como también, por los artículos de la Ley Hipotecaria y del Registro de la Propiedad de 1979 que expresamente el legislador hizo aplicables al procedimiento ordinario. Véase, 30 L.P.R.A. sec. 2701. Para determinar cuáles son los requisitos que deben observarse al llevar a cabo la venta judicial, una vez recaída la sentencia en el procedimiento ordinario, hay que acudir a ambos cuerpos de ley. *Arroyo v. Ortiz y Franco*, 133 D.P.R. 62 (1993).

Como ya hemos indicado con anterioridad, la Regla 51.8 exige que en casos en que el deudor demandado no ha comparecido al pleito, se le notifique de la venta judicial por correo certificado con acuse de recibo a su última dirección conocida. Esta última exigencia, como apuntamos, es secuela de la Ley núm. 172 de 12 de agosto de 2000, que enmendara la regla.

La controversia ante nuestra consideración se circunscribe a determinar cómo se le acredita al Registrador el cumplimiento de esta disposición. Como ya hemos señalado, en este caso se acompañó la escritura con copia de los sobres certificados a los fines de documentar el cumplimiento con el requisito de notificación. No obstante, el Registrador exige que se incluya también una declaración jurada en la cual se certifique el contenido del sobre que se acompañó con los documentos que se presentaron al Registro de la Propiedad.[1]

### III

No hay duda, que al calificar una escritura de compraventa judicial el Registrador debe cerciorarse que se ha cumplido con lo dispuesto en la Ley Núm. 172 y se la ha notificado al deudor hipotecario, por correo certificado con acuse de recibo, que se habrá de efectuar la venta del bien hipotecado. Para ello, podrá solicitar los documentos que así lo acrediten. Adviértase, que el Art. 64 de la Ley Hipotecaria, faculta al Registrador a "requerir se produzcan los documentos complementarios necesarios para una adecuada calificación, bien sean estos notariales, judiciales o

---

[1] Del historial legislativo de la Ley núm. 172 se desprende, que la exigencia de notificación de la venta judicial al deudor que no compareció al pleito por correo certificado con acuse de recibo, obedeció al interés del legislador de, en los procesos de venta judicial, ampliar las exigencias del debido proceso de ley en la etapa post sentencia. *R & G Mortgage Corporation v. Sustache Rivera*, res. 14 de diciembre de 2004, 163 D.P.R. ___, 2004 TSPR 202. Véase también, Exposición de motivos de la Ley núm. 172, *Leyes y Resoluciones de Puerto Rico*, 2000, Parte 2, pág. 1160. Es decir, "vino a satisfacer los requisitos del debido procedimiento de ley…." Rivera Rivera, op. cit., pág. 581.

administrativos." Es decir, el Registrador puede exigir otros documentos complementarios, siempre que lo estime necesario para lograr una calificación adecuada. L. Rodríguez Otero, *Elementos de Derecho Hipotecario*, Dijusa, Madrid, 2005, 3era ed., Primera Parte, pág. 127.

En el pasado, hemos reconocido que en la etapa post sentencia del procedimiento ordinario de ejecución de hipoteca la injerencia del tribunal es menguada, quedando el proceso en manos, sustancialmente, del acreedor hipotecario y del alguacil del tribunal. Adviértase que en los procesos judiciales, cuando es necesario acreditar que se ha cumplido con alguna notificación, la práctica es que se incluya una copia del sobre enviado. Nunca hemos exigido que se incluya una declaración jurada en la cual se haga constar el contenido del sobre. Véase, *Souffront Cordero. A.A.A.* res. 21 de abril de 2005, 163 D.P.R. ___, 2005 TSPR 49. Por lo tanto, sería irrazonable e inconsistente exigir dicha declaración jurada para calificar un documento presentado en el Registro de la Propiedad. Siendo así y ante la ausencia de alguna alegación que justifique exigir un documento adicional, resolvemos que la presentación de los sobres certificados con acuse de recibo, en este caso, es suficiente para acreditar que se cumplió con el requisito de notificación de aviso de venta judicial de la Regla 51.8 de Procedimiento Civil.

Por los fundamentos antes expuestos, debe ordenarse al Registrador de la Propiedad de la Sección Primera de Arecibo,

que proceda a inscribir la Escritura número cuarenta y tres de venta judicial, objeto del presente recurso.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

BL Investment, Inc.

    Recurrente

      v.

                            RG-2007-001

Hon. Frank Quiñones Vigo,
Registrador de la Propiedad,
Sección Primera de Arecibo

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 20 de mayo 2008

    Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se ordena al Registrador de la Propiedad de la Sección Primera de Arecibo, que proceda a inscribir la Escritura número cuarenta y tres de venta judicial, objeto del presente recurso.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


                       Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo